IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FREDDIE ADAMS, et al., <br>    Plaintiffs, <br>v. <br><br>BRG SPORTS, INC. et al. <br>    Defendants. | Case Nos.: 1:17-cv-08972 <br>      1:17-cv-08544 <br>      1:18-cv-00129 |
| MARK ADAMS, et al., <br>    Plaintiffs, <br>v. <br><br>BRG SPORTS, INC. et al. <br>    Defendants. | |
| QUINCY BAKER, et al., <br>    Plaintiffs, <br>v. <br><br>BRG SPORTS, INC. et al. <br>    Defendants. | |

**JOINT STATUS REPORT**

Pursuant to the Court's October 5, 2018 Minute Entry, Case No. 1:17-cv-08972, Dkt. No. 182, the parties hereby provide this joint status report.

**I. Attorney Conference**

As ordered by the Court, the parties have met and conferred by telephone on multiple occasions and by exchanging emails to discuss anticipated discovery, a proposed discovery schedule, and a plan to maximize efficiency of these coordinated actions.

**II. Anticipated Length of Discovery**

At this time, the parties anticipate that fact discovery in the remaining actions[1] will be complete within 14 months of the ruling by the Court on the forthcoming motion to dismiss the amended short form complaints, or by March 2020 (assuming a ruling by the Court on any motion to dismiss the amended short form complaints by December 30, 2018); and that expert discovery will be complete within 21 months, or by October 2020 (assuming a ruling by the Court on any motion to dismiss the amended short form complaints by December 30, 2018). The parties further anticipate that following dispositive and other motion practice, the cases should be ready for initial trial settings by June 2021.[2]

### III. Anticipated Discovery

#### A. Plaintiffs' Anticipated Discovery

The plaintiffs anticipate needing discovery on the following subjects from the defendants and from third parties, at a minimum and with full reservation of their right to seek additional discovery:

- Information regarding the background and history of the defendant companies;
- Present and past financial statements of the defendant companies;
- Present and past board members and executives of the defendant companies, including but not limited to, present and past presidents, senior vice presidents of research and product development, and strategic advisors;
- Background and history of individual helmet designs designed, manufactured, marketed, and/or sold by the defendant companies;
- Research and development conducted in the design and manufacture of individual helmet designs;
- Alternative designs known to or considered by the defendant companies in the design and/or manufacture of individual helmet designs;
- Reconditioning, modification, and/or repair guidelines and procedures maintained and implemented by the defendant companies for the use of their helmets;

---

[1] While these actions remain consolidated under three case numbers for pretrial purposes, as previously reported to the Court, the parties have stipulated to severance of the plaintiffs' actions for trial and as directed by the Court.

[2] The Riddell defendants maintain that these actions—neither in terms of the three consolidated *Adams*, *Adams*, and *Baker* matters, nor the aggregate individual 100 plaintiffs' actions—can be tried jointly, but instead require severance. Plaintiffs have agreed to sever the cases for trial assuming as guided and directed by the Court, and upon the Court's approval.

- Warnings provided by the defendant companies to users of their helmets about the risks of playing football;
- Information and/or knowledge held by the defendant companies regarding the general health risks associated with playing football and when the defendant companies acquired that information/knowledge;
- Information and/or knowledge held by the defendant companies regarding the specific injuries complained of by the plaintiffs, including but not limited to head trauma, concussions, sub-concussive hits, mild traumatic brain injury (MTBI), traumatic brain injury (TBI), chronic traumatic encephalopathy (CTE), and any other head or brain injuries, and when the defendant companies acquired that information/knowledge;
- Studies and/or research conducted by the defendant companies to gain information or knowledge regarding the specific injuries complained of by the plaintiffs, including but not limited to those listed above;
- Data and/or other research collected and/or possessed by the defendant companies as a result of studying injuries sustained by football players wearing helmets designed, manufactured, marketed, and/or sold by the defendant companies;
- Advertisements and/or other marketing products developed, produced, and or/released by the defendant companies in conjunction with the marketing and/or sales of their helmets;
- Data and/or other research relied on by the defendant companies in the marketing and/or sales of their helmets;
- Present and past litigation, arbitration, and claims processes involving the defendant companies and regarding the specific injuries complained of by the plaintiffs, including but not limited to those listed above;
- Documents, statements, records, and/or transcripts produced and/or created as a result of such present and past litigation, arbitration, and claims processes;
- Communications within and/or between the defendant companies regarding the specific injuries complained of by the plaintiffs, including but not limited to those listed above;
- Communications between the defendant companies and any athletic organization, including but not limited to the NCAA, NFL, MLB, MLS, NHL, NBA, high school football organizations, and/or Pee Wee football organizations regarding the specific injuries complained of by the plaintiffs, including but not limited to those listed above; and
- Communications between the defendant companies and any health, science, or research organization, including but not limited to the Translational Genomics Research Institute (TGen), the Sports Neurology Clinic, and the CORE Institute® regarding the specific injuries complained of by the plaintiffs, including but not limited to those listed above.

B. **Defendants' Anticipated Discovery**

The defendants anticipate needing discovery on the following subjects from the plaintiffs

and from third parties, at a minimum and with full reservation of their right to seek additional discovery:

- Information regarding the plaintiffs' participation in football at all levels and other sports and activities;
- The football helmets worn by the plaintiffs and the associated components (face guards, additional padding, chin straps, etc.);
- Reconditioning, modifications, and/or repairs of football helmets worn by plaintiffs at all levels of play;
- Medical and mental health histories of the plaintiffs, including without limitation, any psychological, neuropsychological, and neurological issues; physical injuries; medication, drug, and alcohol use; diseases and medical conditions; illnesses; treatment and counseling; among other things;
- Medical histories of the plaintiffs' genetically-related family members concerning neuro-cognitive issues;
- Head injury histories of plaintiffs including circumstances surrounding those head injuries;
- History of other injuries of plaintiffs including circumstances surrounding those injuries;
- Circumstances of the plaintiffs' sports playing careers, including coaches, trainers, facilities, equipment, medical assistance, and oversight;
- Risk factors for the plaintiffs' alleged injuries;
- Causes of the plaintiffs' alleged injuries;
- Risks and knowledge of risks of playing football;
- Symptoms of the plaintiffs' alleged injuries;
- The plaintiffs' understanding of football rules, and proper ways to play, including proper tackling techniques;
- Return-to-play decisions and guidelines;
- Medical and scientific studies related to issues in the plaintiffs' complaints;
- Warnings, instructions, advertisements, and other information concerning football equipment at all levels of play to which the plaintiffs were exposed;
- The plaintiffs' knowledge regarding risks of and associated with head injuries and impacts;
- History of developmental delays, developmental disorders, an/or learning disabilities;
- Football rules at all levels relating to issues alleged in the plaintiffs' complaints;
- The plaintiffs' education and employment histories;
- The plaintiffs' alcohol, tobacco, and drug use histories;
- Exposures to environmental toxins like lead, other heavy metals, and other neurotoxic chemicals;
- Plaintiffs' history of trauma and abuse;
- Information related to the plaintiffs' claims for damages;
- Plaintiffs' financial information, worker compensation claims, and social security claims;

- Criminal histories;
- Social media use and history; and
- Facts regarding whether any third parties are partially or wholly at fault for the plaintiffs' injuries, if any.

IV. **Proposed Schedule for Discovery**

The parties are in the process of meeting and conferring on proposed and comprehensive scheduling order(s) to address specific proposed timing for fact, third-party, and expert discovery in these matters, as well as with respect to other preliminary discovery issues. The parties propose the following schedule to achieve those objectives:

- **Scheduling Order/Proposed Case Management Orders**: By November 30, 2018, the parties will submit proposed comprehensive scheduling orders and potentially other case management orders (jointly, to the extent possible) to address discovery in these matters[3] and to maximize the efficiency of these coordinated pretrial proceedings. The parties anticipate that these orders will cover the following, among other things:

    – Deadlines for helmet inspections
    – Deadlines for responses to plaintiff and defendant fact sheets
    – Deadlines for service of other written discovery
    – Deadlines for depositions of fact witnesses
    – Neuropsychological Examinations and other Independent Medical Examinations (IMEs) and deadlines related to those examinations
    – Plaintiffs' expert disclosure deadlines
    – Defendants' expert disclosure deadlines
    – Rebuttal experts' disclosure deadlines
    – Deadlines for depositions of expert witnesses
    – Deadlines for service of third-party document subpoenas
    – Date for close of discovery
    – Dispositive motions deadlines
    – Daubert motions deadlines

---

[3] This is to the extent any matters remain after the Court's ruling on the forthcoming motion to dismiss the plaintiffs' SFCs. The parties reserve the right to request modification of proposed deadlines and scope of anticipated discovery depending on such rulings.

- **Fact Sheets and Records Release Authorizations**: In lieu of Rule 26(a)(1)(A) disclosures, the parties propose to provide fact sheets. The parties will meet and confer and submit to the Court for approval proposed form plaintiff and defendant fact sheets (for use in addition to general written discovery) and proposed form record release authorizations, within 7 days of the Court's ruling on any motion to dismiss the amended short form complaints, or answers if no motion to dismiss is filed.

- **Protective and Preservation Orders:** The parties will meet and confer and submit to the Court proposed protective orders and orders directing preservation of evidence within 14 days of the Court's ruling on any motion to dismiss the plaintiffs' amended short form complaints, or answers if no motion to dismiss filed.

Respectfully submitted:

CIRCELLI WALTER & YOUNG, PLLC

Dated: October 19, 2018    By:    */s/ Vincent P. Circelli*
Vincent P. Circelli (*admitted pro hac vice*)
Attorney for Plaintiffs

BOWMAN AND BROOKE, LLP

Dated: October 19, 2018    By:    */s/ Paul G. Cereghini*
Paul G. Cereghini (*admitted pro hac vice*)
Robert L. Wise (*admitted pro hac vice*)
Eden M. Darrell
Attorneys for Defendants

**SIGNATURE CERTIFICATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Plaintiffs, and that I have obtained his authorization to use his electronic signature on this document.

*/s/ Paul G. Cereghini*
Paul G. Cereghini (*admitted pro hac vice*)

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2018, the foregoing Joint Status Report was filed with the Clerk using the CM/ECF system, which will provide notice to all counsel of record.

*/s/ Paul G. Cereghini*
Paul G. Cereghini (*admitted pro hac vice*)
Attorney for Defendants